NO. 12-00-00277-CR


IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

 CHRISTOPHER DELGADO, § APPEAL FROM THE 3RD

APPELLANT



 § JUDICIAL DISTRICT COURT OF 




THE STATE OF TEXAS,

APPELLEE § ANDERSON COUNTY, TEXAS






PER CURIAM

 Christopher Delgado ("Appellant") appeals his conviction of murder, for which he was
sentenced to forty years of confinement. Appellant raises one issue on appeal. We affirm.


Background

 Following Appellant's conviction for murder, the trial proceeded to the punishment phase. 
Appellant's father, Sergio Delgado ("Sergio"), testified on direct examination as to the activities
undertaken by Appellant while he was out on bail. Sergio, who had been living with Appellant,
testified that, while on bail, Appellant had a job and had been working steadily. Sergio further
testified that Appellant would continue to live with him if Appellant was placed on probation. The
State of Texas (the "State") then proceeded with cross examination as follows:


 Q. Mr. Delgado, it's true that you have a federal conviction for transporting illegal aliens.


 MR. HOUSE: Your Honor, I'm going to object.

 

 THE COURT: Come up just a minute.

 (Counsel at the bench; off the record.) (1)


 MR. LOWE: I'll withdraw the question.

 

 THE COURT: Okay.


 MR. HOUSE: Judge, we're going to ask the jury be instructed to disregard the last remark.


 THE COURT: Well, ladies and gentlemen, let me tell you that a question is not evidence and the
objection has been sustained. A question is not evidence and can only be
considered as it supplies meaning to an answer. You should disregard the question.


 MR. HOUSE: And for the record, we'd move for a mistrial.


 THE COURT: Overruled.



Discussion

 Appellant contends the cross examination and attempted impeachment of Sergio by use of
a federal conviction in violation of Texas Rule of Evidence 609(b) constituted reversible error. We
disagree. As Appellant concedes in his brief, ordinarily, a prompt instruction to disregard will cure
error associated with an improper question and answer, even one regarding extraneous offenses. See
Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000), citing Fuller v. State, 827 S.W.2d 919,
926 (Tex. Crim. App. 1992); see also Perea v. State, 870 S.W.2d 314, 319 (Tex. App.-Tyler 1994,
no writ). 

 In Ovalle, the State improperly impeached a witness, Mrs. Ovalle, with a crime for which
probation had expired. See Ovalle, 13 S.W.3d at 783. The Court of Criminal Appeals held that the
trial court's instruction to disregard, coupled with other circumstances, rendered the improper
impeachment harmless. Id. In reaching its conclusion that it was unlikely that the improper
impeachment had any impact upon the jury's decision, the Court noted that the discussion of the
offense was brief, the details of the offense were not given, and that the trial court instructed the jury
not only to disregard the information, but also that the State's information had been incorrect. (2) Id. 
The Court in Ovalle further noted that Mrs. Ovalle's testimony was weak and that she, by virtue of
being the appellant's mother, was a very interested witness. Id.

 Much like Ovalle, the testimony of Sergio was not particularly compelling, nor were the
factual assertions elicited on direct examination heavily contested. As Appellant's father, Sergio,
was likewise a very interested witness. Further, the State's question regarding Sergio's conviction
did not offer a description of the crime for which Sergio was allegedly convicted in any greater detail
than did the State's attorney in Ovalle. Id. Inquiring as to whether Sergio had been convicted of
transporting illegal aliens offers no more detail of such an offense than the inquiry regarding a theft
conviction in Ovalle. Id. Most noteworthy, Sergio never answered the State's question. The trial
court promptly instructed the jury that they should disregard the question, emphasized that the State's
objection had been sustained, and further explained that "a question is not evidence . . . and can
only be considered as it supplies meaning to an answer." We conclude that the impeachment
evidence was not so inflammatory that the jury could not have followed the trial court's instruction
to disregard. Thus, any error associated with the State's improper question regarding Sergio's prior
conviction was cured. Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


Opinion delivered September 5, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.







(DO NOT PUBLISH)
1. It is undisputed that Sergio Delgado's federal conviction was over eighteen years old. Texas Rule of
Evidence 609(b) provides that "evidence of a conviction ... is inadmissible if a period of more than ten years has
elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that
conviction, whichever is the later date, unless the court determines, in the interests of justices, that the probative
value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." 
See Tex. R. Evid. 609(b).
2. In Ovalle, the State's attorney cross-examined the witness as follows:


 Mrs. Ovalle, isn't it a fact that on February the 28th of 1990, you were sentenced to four
years in the Texas Department of Corrections for felony theft?



 No. I was put on probation. Thank you.



 Four years probation for felony theft?



 Yes.


 

 See Ovalle, 13 S.W.3d at 783.